[Cite as *State v. Davis*, 2025-Ohio-1392.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-0453(B) |
| | : | |
| LARRY DAVIS, JR. | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 18, 2025

. . . . . . . . . . .

JENNIFER E. MARIETTA, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Larry Davis, Jr. appeals from his conviction for trafficking in cocaine following a guilty plea. He contends that the trial court erred by denying his motion for a continuance so that his pending motion to suppress could be resolved and that the State waited until the morning of trial to provide certain video

evidence, resulting in a discovery violation. He also contends that he was not properly awarded jail time credit in the judgment entry. He argues that the trial court erred in ordering the disposal of property or evidence held by law enforcement in connection with this case, because its order constituted a forfeiture, when no forfeiture specification had been contained in the indictment. Finally, Davis challenges the imposition of a fine at sentencing, when the trial court had previously found that he was unable to pay a fine.

{¶ 2} We conclude that the trial court did not err in denying Davis's motion for continuance. However, there was no forfeiture in this matter, and the trial court's order as to the disposal of Davis's property was vague and did not provide Davis with notice of the property subject to disposal or a means of recovering his property not subject to forfeiture. The State conceded these two errors. Finally, the court made inconsistent findings as to Davis's ability to pay a fine.

{¶ 3} For the reasons outlined below, we will affirm the judgment in part, reverse it in part, and remand to the trial court for further proceedings related to jail-time credit, the disposition of Davis's property, and the appropriateness of a fine.

## I. Background Facts and Procedural History

{¶ 4} In July 2023, Davis was indicted for one count of trafficking in cocaine, one count of possession of cocaine; one count of aggravated trafficking in drugs; and one count of possession of drugs. There were no forfeiture specifications included in the indictment.

{¶ 5} Davis was not apprehended on the warrant until January 10, 2024. His initial appointed counsel withdrew, and he was appointed new counsel on February 5, 2024.

His new counsel filed a demand for discovery on February 12, 2024. Trial was scheduled for April 2, 2024.

{¶ 6} On March 28, 2024, Davis's counsel filed a motion to suppress and, on April 1, 2024, counsel filed a motion to continue the trial to have additional time for consideration of the motion to suppress. The trial court denied the continuance and ordered a hearing on the motion to suppress to take place the next day, prior to the commencement of trial.

{¶ 7} Before the suppression hearing began on the morning of trial, Davis's counsel viewed video evidence provided by the State, which led to plea negotiations and the withdrawal of the Davis's motion to suppress. Defense counsel did not object to the alleged late disclosure of the video evidence.

{¶ 8} Later that day, but before the trial commenced, Davis pleaded guilty to one amended count of trafficking in cocaine, and the State dismissed the remaining charges against him. During the plea hearing, defense counsel advised the court that an affidavit of indigency would be filed on Davis's behalf prior to sentencing due to the mandatory fine. On April 4, 2024, defense counsel filed a motion for relief to avoid the mandatory fine associated with certain drug crimes, and the trial court sustained the motion on April 9, 2024.

{¶ 9} On April 22, 2024, during the sentencing hearing, Davis was sentenced to seven to ten and one-half years in prison and was ordered to pay a $15,000 fine. Defense counsel again asked the court to consider Davis's indigency for purposes of the fine and indicated an affidavit would be filed; the State did not take a position on the matter. The

trial court stated the affidavit would be considered.

{¶ 10} In its judgment entry, the trial court indicated that Davis was sentenced "with jail credit from January 10, 2024" and again ordered him to pay a fine in the amount of $15,000. The exact number of days of jail-time credit was not stated during the hearing or in the judgment entry. The court's judgment also ordered that any property or evidence held by law enforcement in connection with this case "may be released, destroyed, converted to law enforcement use, or otherwise disposed of" unless otherwise specified in the entry 60 days after its filing provided that no appeal was pending and approval was obtained from the Clark County Prosecutor or his assistant.

{¶ 11} This appeal followed.

## II.    Assignments of Error

{¶ 12} Davis asserts four assignments of error.  His first assignment of error states:

The Court denied Defendant procedural due process when it denied the Defense Motion to Continue the Trial so that the pending Motion to Suppress could be addressed, when discovery was not provided until the morning of trial.

{¶ 13} A trial court has broad discretion in granting or denying a motion for continuance. *State v. Unger*, 67 Ohio St. 2d 65, 67 (1981). In evaluating a motion for a continuance, a court should consider several factors, including "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the

requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Id.* at 67-68, citing *United States v. Burton*, 584 F.2d 485 (1978); *Giacalone v. Lucas*, 445 F.2d 1238 (1971).

{¶ 14} We will not reverse the denial of a continuance unless there has been an abuse of discretion. *Unger* at 67. An abuse of discretion requires a finding that the trial court's action was unreasonable, arbitrary, or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St. 3d 157, 161 (1990).

{¶ 15} In his first assignment of error, Davis appears to make two arguments: (1) the trial court violated due process by refusing to continue the trial in order to consider his motion to suppress; and (2) the State's late disclosure of video evidence on the morning of trial made his guilty plea less than knowing, voluntary, or intelligent. He contends that he was entitled to a reasonable continuance while also arguing that the State committed a discovery violation by failing to timely disclose certain video evidence. He further argues that, because of the trial court's hasty review and denial of a continuance, he was forced to make an immediate decision to accept a plea offer, and he was prejudiced by the denial of the continuance and lack of opportunity to review the new evidence.

{¶ 16} Crim.R. 12(D) requires that "[a]ll pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or *seven days before trial*, whichever is earlier." (Emphasis added.) The trial court may extend the time for making pretrial motions in the interest of justice. *Id.* Davis filed his motion to

suppress on March 28, only five days before trial (and before the presentation of the video evidence), and thus the motion was untimely.

{¶ 17} In support of his arguments, Davis relies on *State v. Bates*, 2010-Ohio-5636 (2d Dist.). In *Bates*, defense counsel filed two motions for a continuance, one the day before trial and one the day of trial, seeking additional time to prepare for trial after the State had provided two compact discs of recorded calls the day before trial. *Id.* at ¶ 5. The trial court overruled the motions. *Id.* On the morning of trial, defense counsel told the trial court that the State had failed to timely disclose the two compact discs and that defense counsel had not had sufficient time to listen to them; he sought to exclude the compact discs as evidence at trial. *Id.* at ¶ 6. Acknowledging that defense counsel had only learned about the compact discs the day before, the trial court permitted a two-and-one-half hour recess to give defense counsel the opportunity to listen to the compact discs and discuss them with the defendant. *Id.* at ¶ 7. Defense counsel later objected to the admission of the compact discs due to the State's failure to timely provide discovery, but the trial court overruled this objection. *Id.* at ¶ 9.

{¶ 18} On appeal, we explained the necessary inquiry for determining whether the trial court abused its discretion in the event of a discovery violation. *Id.* at ¶ 11. We then reversed, finding that the trial court had abused its discretion by ordering only a brief recess instead of the continuance of the trial as requested by the defendant. *Id.* at ¶ 16. In so holding, we pointed out that the prosecutor's office had a pattern of failing to timely disclose such evidence, which denied the defendant of "information necessary for a full and fair adjudication of the facts" to which he was entitled pursuant to Crim.R. 16(A), and

"essentially revert[ed] to trial by ambush and surprise." *Id.*

{¶ 19} Davis contends that the State did not timely disclose the video evidence but, unlike the defendant in *Bates*, he did not object to the video evidence based on timeliness when the State offered it or seek to exclude it. Instead, he withdrew his pending motion to suppress (which was unrelated to the video evidence) and entered his guilty plea.

{¶ 20} We note that Davis was indicted in July 2023 but was not apprehended on the warrant until six months later on January 10, 2024. He was arraigned on January 12, 2024, but his motion to suppress was not filed until March 28, 2024, 76 days later. On April 1, the day before trial, he filed a motion for a continuance, seeking additional time to litigate his March 28 motion to suppress. Although defense counsel claimed that they were not prepared to proceed because they needed more time to litigate the motion to suppress, they had had more than two full months to prepare for trial. The trial court, which was not required to consider the untimely motion to suppress, denied the motion for a continuance but scheduled a hearing on the motion to suppress on the morning of the trial. That morning, however, the State provided the video evidence to Davis, which resulted in the withdrawal of his pending motion to suppress and the entry of his guilty plea. There is nothing in the record that discloses the content of the video or how the video might have affected the outcome of this case. Davis entered his guilty plea with the benefit of counsel, and there is nothing in the record to suggest that his plea was not made knowingly, voluntarily, and intelligently. Under these circumstances, we cannot say that the trial court abused its discretion in denying Davis's motion for a continuance.

{¶ 21} Davis's first assignment of error is overruled.

{¶ 22} Davis's second assignment of error states:

Defendant was not properly afforded jail time credit in accordance with R.C. 2929.19(B)(2)(g)(1).

{¶ 23} In his second assignment of error, Davis argues that the trial court did not properly calculate his jail-time credit and notify him of the number of days. The State concedes this error, suggesting that this matter be remanded for a determination of the total number of jail-time credit days in accordance with R.C. 2929.19(B)(2)(g)(1).

{¶ 24} R.C. 2929.19(B)(2)(g)(1) requires a sentencing court to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce" the offender's prison term.

{¶ 25} In this case, it is undisputed that the trial court did not calculate and notify Davis of the exact number of days of jail-time credit he would receive. The trial court only stated that he would receive credit dating back to his arrest; it did not determine the number of days as required under R.C. 2929.19(B)(2)(g)(1). As such, Davis's second assignment of error is sustained.

{¶ 26} Davis's third assignment of error states:

The Forfeiture of Property was contrary to R.C. 2941.1417 and Chapter 2981 of the Ohio Revised Code.

{¶ 27} Forfeiture of property is a legal process by which the government seizes property linked to criminal activity. Certain property is subject to forfeiture, including: contraband involved in a criminal offense; proceeds derived from or acquired through the commission of an offense; or an instrumentality that is used in or intended to be used in the commission of certain offenses, including felony offenses. R.C. 2981.02(A)(1). If a defendant is convicted of an offense, such property may be forfeited so long as the indictment contains a specification of the type described in R.C. 2941.1417. R.C. 2981.04(A)(1). Under R.C. 2941.1417(A), property is not subject to forfeiture in a criminal case unless the indictment specifies the nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission of the offense.

{¶ 28} Disposal of property, on the other hand, refers to the trial court's actions regarding property seized as evidence or forfeited. "Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code." R.C. 2981.11(A)(1). Unclaimed or forfeited property in the custody of a law enforcement agency is to be disposed of by order of the court. R.C. 2981.12(A).

{¶ 29} In his third assignment of error, Davis complains about the following language related to "disposal of property" in the trial court's judgment entry:

IT IS HEREBY ORDERED that any property or evidence held by law enforcement in connection with this case, not otherwise specified in this Entry, may be released, destroyed, converted to law enforcement use, or otherwise disposed of sixty (60) days after the filing of this Entry provided that (1) no appeal is pending and (2) approval is obtained from the Clark County Prosecutor or his Assistant.

{¶ 30} Davis contends that this language effectuated a complete forfeiture of his property held by law enforcement. In response, the State asserts that the effect of this statement was to allow the law enforcement agency to release evidence to Davis or his designee, provided it was not contraband, or to destroy any contraband that had been seized as part of the investigation. The State contends that there was no forfeiture and that the language in the trial court's judgment entry did not forfeit Davis's property. In reply, Davis asserts that, if there was no forfeiture of property, the trial court should release all property belonging to him, and the law enforcement agency should be without the authority to dispose of property that does not belong to it. We agree with Davis.

{¶ 31} It is undisputed that there were no forfeiture specifications in the indictment. The language at issue in the judgment entry did not operate to allow forfeiture of Davis's property; rather, it provided for the disposal of any property or evidence held by law enforcement in connection with this case. However, upon our review, we find that the language in the trial court's order related to the disposal of property is vague. It does not notify Davis of the property subject to disposal or provide him with a means of recovering his property not subject to forfeiture. Davis's third assignment of error is sustained.

{¶ 32} Davis's fourth assignment of error states:

The Court improperly ordered Mr. Davis to pay a $15,000 fine, when it failed to consider Mr. Davis's Affidavit of Inability to Pay fines and find him indigent.

{¶ 33} In his fourth assignment of error, Davis contends that he has no financial assets or sources of income and, thus, the trial court erred in imposing a $15,000 fine. He points out that the trial court reviewed his motion for relief from fines and costs prior to sentencing and had sustained the same. The State concedes the error, agreeing that the trial court had sustained Davis's motion for relief from the mandatory fine. The State suggests that the matter should be remanded to remove the fine. Although we recognize that the court's actions were inconsistent, we disagree with the suggestion that the trial court's written entry sustaining the motion for relief from fines and costs prior to sentencing foreclosed the court's reconsideration of that matter at sentencing.

{¶ 34} With respect to felony financial sanctions, R.C. 2929.18(B)(1) provides that "[i]f an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

{¶ 35} It is undisputed that, prior to sentencing, the trial court sustained Davis's motion for relief from fines and costs. The trial court did, however, have the discretion to change its decision prior to filing its judgment entry so long as the court considered Davis's present and future ability to pay the fine. An affidavit of indigency is not dispositive

of the issue of a defendant's ability to pay fines; the court may consider matters outside of the affidavit in making an ability-to-pay determination. Under these circumstances, we will remand this matter to the trial court for a proper determination of whether Davis is an indigent person and is unable to pay the mandatory fine.

{¶ 36} Davis's fourth assignment of error is sustained.

### III. Conclusion

{¶ 37} Davis's first assignment of error is overruled. Having sustained his second, third, and fourth assignments of error, we reverse the trial court's judgment with respect to jail-time credit, the disposition of Davis's property seized by law enforcement, and imposition of a fine. The matter will be remanded for the trial court to: calculate the total number of days for which Davis is to be given jail time credit; delineate whether items in law enforcement's custody are to be disposed of or returned to Davis; and determine whether Davis is indigent and unable to pay the fine. After doing so, the court shall file an amended judgment entry reflecting the appropriate changes. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.